UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James G. Blakely, | ) C/A No. 6:12-02587-MGL-KDW |
|---|---|
| a.k.a *James Gatewood Blakely,* | ) |
| a.k.a. *Jimmy G. Blakely*; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Mayor of Greenville County; | ) |
| Solicitor of Greenville County; | ) Report and Recommendation |
| Detective Bellow, GPD; | ) |
| Detective Donohue, GPD; | ) |
| County of Greenville, S.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |

James G. Blakely ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (DSC). Plaintiff, who is incarcerated at McCormick Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.  Background

The Complaint alleges that "on January 2, 1998 [Greenville Police Department] detective Bellow[1] and detective Donohue arrested [P]laintiff with forged and voided arrest warrants." ECF No. 1 at 3. Plaintiff further alleges that "[d]etective Donohue conspired with detective Bellow claiming that they achieved arrest warrants from the judge." *Id.* Plaintiff claims that he was

---
[1] The Complaint refers to this Defendant as detective Bellow and detective Bellew.

detained "illegally" for seven months at the Greenville County Detention Center on the "false arrest warrants." *Id.* The Mayor of Greenville County is named for failing "to protect Plaintiff's Constitutional rights from City employees." *Id.*

Plaintiff also alleges that the prosecutor conspired with detective Bellew to present the "false warrants" to the grand jury. *Id.* He submits that "the Solicitor and the prosecutor[2] conspired with the Court and denied Plaintiff his Fifth and Fourteenth Amendment[] rights to a fair trial and equal protection of the laws." *Id.* Plaintiff claims that he should have been acquitted of the charges "as a matter of law" and that the State of South Carolina has chosen "to discriminate against [him] and deny [him] equal protection and Due Process of the Fifth and Fourteenth Amendments." *Id.* at 4. Plaintiff further alleges that he has served his ten-year sentence and that he is presently held in violation of his constitutional rights. *Id.* Plaintiff seeks monetary damages and immediate release from confinement. *Id.* at 5.

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[2]The only prosecutor named in the Complaint is the "Solicitor of Greenville County."

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a pro se complaint, the court assumes all of plaintiff's allegations to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990).

B.   Analysis

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named two Defendants who are immune from Plaintiff's claims under § 1983. First, the Complaint alleges that the Solicitor of Greenville County violated Plaintiff's rights during the prosecution of his state criminal proceedings.[3] However, prosecutors

---

[3] In South Carolina, regional prosecutors are elected by voters of a judicial circuit and are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310 (1976).

3

have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As the Complaint's claims regarding the Solicitor's prosecution of Plaintiff's criminal case are barred from suit under § 1983, this Defendant is entitled to summary dismissal from the instant action.

Next, Plaintiff lists the County of Greenville, South Carolina, as a Defendant in the Complaint's caption. However, the County of Greenville is protected by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, divisions, departments, and officials. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *see also Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit when a state has given consent to be sued, or when Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[4] Because the County of Greenville is immune from Plaintiff's § 1983 claims, this Defendant is also entitled to summary dismissal from this case.

Finally, the Complaint names Detective Bellew, Detective Donohue, and the Mayor of Greenville County for taking part in, or refusing to protect Plaintiff from, the issuance of arrest warrants in a state criminal case that resulted in Plaintiff's arrest, prosecution, conviction, and

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the State of South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

incarceration. ECF No. 1 at 3-4. Previous habeas corpus actions filed by Plaintiff in this court indicate that Plaintiff received a 30-year sentence of imprisonment for the offense of voluntary manslaughter and ten years of confinement for assault and battery of a high and aggravated nature (ABHAN) in the Greenville County Court of General Sessions on January 20, 1999. *Id.* at 1; *see also Blakely v. Padula*, Civil Action No. 4:10-03280-MBS, ECF No. 42 (D.S.C. July 21, 2011) (dismissing habeas petition as successive); *Blakely v. Warden Broad River Corr. Inst.*, Civil Action No. 4:07-02012-MBS, ECF No. 75 (D.S.C. Jan. 29, 2009) (granting summary judgment for respondent).[5] In the Complaint *sub judice,* Plaintiff seeks monetary damages and immediate release for an allegedly "false" arrest associated with the state convictions for which he is presently incarcerated. ECF No. 1 at 5.

To the extent Plaintiff seeks release from confinement, such relief is unavailable under § 1983. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (noting habeas corpus is the exclusive, sole federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Moreover, the United States Supreme Court has held that a state prisoner's claim for monetary damages under § 1983 is barred if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," . . . "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In the present case, a favorable determination on the merits of Plaintiff's § 1983 false arrest claim would require a finding that Plaintiff's state convictions are invalid and would, thus, imply the invalidity of the punishment imposed. Because Plaintiff's prior

---

[5] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

habeas corpus cases demonstrate that his state sentences have not been successfully challenged, the Complaint's claim for damages is barred by *Heck*.[6] As such, Plaintiff fails to state a claim upon which relief can be granted against Defendants Mayor of Greenville County, Detective Bellew, and Detective Donohue. Therefore, these three Defendants are entitled to summary dismissal from this action.

III.   Conclusion and Recommendation

Accordingly, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 25, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] It is noted that the rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, when criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384 (2007). In the instant action, Plaintiff has been convicted of charges resulting from his allegedly "false arrest." As such, Plaintiff must meet *Heck's* favorable determination requirement in order to recover damages for alleged constitutional violations associated with his current conviction. *See Ballenger v. Owens*, 352 F.3d 842, 845-47 (4th Cir. 2003).

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).