IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, <br> *a/k/a James Gatewood Blakely,* <br> *a/k/a Jimmy G. Blakely*, <br><br> Plaintiff, <br><br> vs. <br><br> Mayor of Greenville County; <br> Solicitor of Greenville County; <br> Detective Bellow, GPD; <br> Detective Donahue, GPD; <br> County of Greenville, S.C., <br><br> Defendants. | Civil Action No.: 6:12-2587-MGL <br><br> **ORDER AND OPINION** |

Plaintiff James G. Blakely ("Plaintiff") is a state prisoner at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On September 7, 2012, Plaintiff, proceeding *pro se*, filed this civil action against the Mayor of Greenville County, the Solicitor of Greenville County, Detectives Bellow and Donahue of the Grenville Police Department, and the County of Greenville, South Carolina ("Defendants") raising claims under 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On September 25, 2012, Magistrate Judge West issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and service of process as Plaintiff fails to state a claim upon which relief can be granted against Defendants. Upon review of the complaint in accordance with the applicable law, the Magistrate Judge concluded that Plaintiff's § 1983 claims are barred or the relief sought is otherwise

unavailable to him.  (ECF No. 13 at 3-4, 6.)

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  Plaintiff was advised of his right to file objections to the Report and Recommendation.  (ECF No. 13 at 7.)  Plaintiff has filed no objections and the time for doing so has expired.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.  Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

                                        s/Mary G. Lewis
                                        United States District Judge

December 21, 2012

Spartanburg, South Carolina